UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            vs                      5:05-CR-399

JAMES GILKESON,
                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                            OF COUNSEL:

FRANK POLICELLI, ESQ.
Attorney for Defendant
10 Steuben Park
Utica, New York 13501

HON. GLENN T. SUDDABY             JOHN G. DUNCAN, ESQ.
United States Attorney                  Assistant U.S. Attorney
Attorney for Government
Northern District of New York
P. O. Box 7198
100 South Clinton Street
Syracuse, New York  13261-5165

DAVID N. HURD
United States District Judge

## DECISION and ORDER

      Defendant James Gilkeson ("defendant") was arrested by the Syracuse Police for endangering the welfare of a child in violation of New York Penal Law § 260.10.  During the course of his interrogation he signed a consent form permitting the search of his computer.  The results of the search resulted in a federal indictment listing charges related to child pornography under 18 U.S.C. § 2252A(a)(2) and 2256(8)(A).

      Defendant moved to suppress the physical evidence seized under the auspices of the consent to search.   A suppression hearing was held in Utica, New York, on December 16, 2005, and continued on January 4, 2006.  The motion to suppress the evidence seized

from 360 Trim St., Kirkland, New York – where the computer was located – on August 15, 2005, was granted. See United States v. Gilkeson, 431 F. Supp. 2d 270 (N.D.N.Y. 2006). The Government moves for reconsideration of the suppression order.[1]  Defendant opposes and moves to dismiss the indictment as insufficient. The motions were considered on the papers.

A motion for reconsideration is well-founded only "if 'there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice.' " United States v. Robinson, 303 F.Supp.2d 231, 232 (N.D.N.Y. 2004) (quoting United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994)), aff'd, 430 F.3d 537 (2d Cir. 2005). Here, the crux of the Government's motion consists of providing its contrary interpretation of United States v. Patane, 542 U.S. 630 (2004), which was distinguished from the instant case in making the determination to suppress the evidence. Whatever the merits of the Government's argument, it has failed to point to any controlling decisions or factual matters that were overlooked, new evidence, clear error or manifest injustice. Therefore, the Government has failed to meet its burden and the motion will be denied.

---

[1] Defendant also argues that the motion for reconsideration is untimely as it was filed more than ten days after the order was issued. Motions for reconsideration proceed under Local Civil Rule 7.1(g), and, therefore, must be filed with in ten days regardless of the fact that it may be a criminal case. United States v. Gagnon, 250 F. Supp. 2d 15, 17 (N.D.N.Y. 2003). The Order was issued May 9, 2006 and the motion was filed June 5, 2006, more than ten days later. However, The Government's request to extend the time for filing a motion to enlarge the time to file the reconsideration motion is granted. See Fed. R. Civ. P. 6(b)(1)(A); Fed. R. Crim. Proc. 45(b)(1)). The motion to enlarge the time to file the motion for reconsideration is also granted. The suppression order was determined on grounds not thoroughly addressed – and likely unanticipated – by the parties. Additional time to consider the decision was warranted. The motion for reconsideration is considered timely.

In response to the Government's motion for reconsideration the defendant states that, considering the suppression of the alleged images of child pornography, the Government will not be able to proceed with a prima facie case, and the indictment should be dismissed. The Government did not respond to the statement. Nonetheless, "motions to dismiss are generally inappropriate mechanisms to assess evidentiary sufficiency." U.S. v. Elliott, 363 F.Supp.2d 439, 450 (N.D.N.Y. 2005) (citing Costello v. United States, 350 U.S. 359, 363 (1956)). "In the absence of a full proffer of the Government's evidence, 'the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment.'" United States v. Vought, No. 05-CR-268, 2006 U.S. Dist. LEXIS 39664 (D. Conn. July 15, 2006) (quoting United States v. Alfonso, 143 F.3d 772, 777 (2d Cir.1998); see also; United States v. Remire, 400 F. Supp. 2d 627, 631 (S.D.N.Y. 2005); U.S. v. Hickey, 16 F.Supp.2d 223, 232 (E.D.N.Y. 1998) ("an expected failure of proof by the prosecution, is not properly raised as part of a motion to dismiss an [i]ndictment"). Defendant's motion to dismiss the indictment will be denied, without prejudice.

Therefore, it is

ORDERED that

1. The Government's motion for reconsideration is DENIED; and

2. Defendant James Gilkeson's motion to dismiss the indictment is DENIED, without prejudice.

IT IS SO ORDERED.

_____
David N. Hurd
District Judge

Dated: August 1, 2006
Utica, New York.